83    645
f92    662

THOMAS BROWN *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW.  *Change of venue.  Code* 1892, § 1411.  *Opinion.  Evidence.*
>   In a criminal case, if it appear on the hearing of an application
>   for a change of venue (Code 1892, § 1411) that defendant had
>   been threatened with death at the hands of a mob, that the
>   sheriff had with difficulty kept him from the mob, that six guards
>   were essential for his protection at the time of the hearing, and
>   sixteen the night before, the application should be granted, no
>   matter how many witnesses testify that in their opinion de-
>   fendant could obtain a fair trial in the county.

FROM the circuit court of Montgomery county.

HON. WILLIAM F. STEVENS, Judge.

Brown, appellant, was indicted, tried, and convicted of mur-
der, and appealed to the supreme court.

The facts upon which the decision rests are stated in the opin-
ion of the court.

*G. A. McLean,* for appellant.

The facts in this case are that this defendant has necessarily
been kept in a distant jail in order to protect his life from mob
violence, and when he was carried to the scene of the difficulty
it required six men in the day time and sixteen men at night to
guard the jail in order to protect him.

The fact of the deceased's family being large, having six
brothers, and they having lived in the town where the difficulty
occurred, the testimony of several reputable witnesses that great
prejudice exists against appellant and that he could not obtain
a fair and impartial trial in Montgomery county, and the fur-
ther fact that an innocent negro was killed by a mob by reason
of the prejudice against this appellant, would seem to be suffic-
ient for this change of venue.

---

Opinion of the court.

---

We submit that the facts are as strong and weighty as the facts in the case of *Saffold* v. *State,* 76 Miss., 259, which was appealed from the same county.

*William Williams,* attorney general, and *Monroe McClurg,* for appellee.

The record shows that a number of witnesses, to wit, twenty-three, testified before the trial court on the motion for a change of venue, that appellant could have a fair and impartial trial in the county in which the offense was charged to have been committed.

Many of these witnesses had been selected and impaneled as regular jurors for the term at which appellant was tried and convicted, and testified that they had formed and expressed no opinion as to the guilt or innocence of the accused (appellant here), all of them stating that there was no reason why the defendant could not have a fair and impartial trial in Montgomery county.

The court will be impressed with the fact that there was no abuse of judicial discretion in refusing a change of venue, and unless there was an abuse of judicial discretion this court should not reverse on this ground. *Stewart* v. *State,* 50 Miss., 587; *Bishop* v. *State,* 62 Miss., 289; *Cheatham* v. *State,* 67 Miss., 335.

WHITFIELD, C. J., delivered the opinion of the court.

Whatever conflict there may be in the evidence, so far as mere opinion is concerned, as to whether a fair trial could be had in Montgomery county, the testimony for appellant as to acts and circumstances, far more potential than mere opinion testimony, demonstrates beyond all doubt that the court erred in not granting the motion for a change of venue. With threats of death at the hands of a mob; threats of having the appellant if they had to blow up the jail with dynamite to get him; with the sheriff bringing him to Jackson to save his life; with efforts made to get him from the train, so that the sheriff had to lock him up in the

closet while passing through town; with testimony of a highly inflamed state of public feeling at the time of the homicide, so that the almost universal expression was that he ought to be hung; with six deputies guarding him, at the very time of his trial, every day in the court house; and with sixteen deputies needed to guard and protect this defendant the very night before this testimony was heard by the circuit court—it is a mockery to talk of a fair trial.

*Reversed and remanded.*